Slip Op 12-17

UNITED STATES COURT OF INTERNATIONAL TRADE

UNITED STATES,

                              Plaintiff,

              v.                                          Before:  Leo M. Gordon, Judge

ROBERT E. LANDWEER & CO.,                                 Court No. 09-00060

                              Defendant.

**OPINION**

[Defendant's USCIT Rule 12(b)(1) motion denied; Defendant's USCIT Rule 12(b)(5) motion granted.]

February 8, 2012

Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Plaintiff United States.   On the briefs were David S. Silverbrand and Michael D. Panzera, Trial Attorneys.   With them on the briefs were Tony West, Assistant Attorney General, and Patricia M. McCarthy, Assistant Director.   Of counsel on the briefs was Leigh Sellari, Office of Assistant Chief Counsel for U.S. Customs and Border Protection of Seattle, WA.

Joel R. Junker,   Joel R. Junker & Associates, of Seattle, WA, for Defendant Robert E. Landweer & Co.   With him on the brief was Emily Lawson.

Gordon, Judge:  Defendant Robert E. Landweer & Co. ("Landweer") moves to dismiss this action pursuant to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction and USCIT Rule 12(b)(5) for failure to state a claim upon which relief can be granted. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1582(1) and therefore denies Defendant's USCIT Rule 12(b)(1) motion to dismiss.   However, Plaintiff has failed to state a claim upon which relief can be granted.   Accordingly, Defendant's USCIT Rule 12(b)(5) motion to dismiss is granted.

## Background

In its original complaint Plaintiff alleged that Landweer, a customs broker, violated 19 U.S.C. § 1641(b)(4) and 19 C.F.R. § 111.28(a) as well as 19 U.S.C. § 1641(d) and 19 C.F.R. §§ 111.29 and 143.6, and was liable to the United States for a penalty in the amount of $30,000 pursuant to 19 U.S.C. §§ 1641(d)(1)(C) and (d)(2)(A).   Thereafter Plaintiff filed a motion for leave to amend the complaint to remove the allegations that Landweer failed to exercise responsible supervision and control over its customs business, and therefore, violated 19 U.S.C. § 1641(b)(4) and 19 C.F.R. § 111.28(a). Plaintiff did not seek to add any new allegations.   Rather, the sole reason offered in Plaintiff's motion was an intervening decision of U.S. Court of Appeals for the Federal Circuit, United States v. UPS Customshouse Brokerage, Inc., 575 F.3d 1376, 1383 (Fed. Cir. 2009) ("UPS I"), remanded to, 34 CIT ___, 686 F. Supp. 2d 1337 (2010) ("UPS II"), which held that U.S. Customs and Border Protection ("Customs") must consider all ten factors listed in 19 C.F.R. § 111.28(a) to establish a violation of 19 U.S.C. § 1641(b)(4). Plaintiff explained that it would have been unable to make this showing and requested leave to remove from the complaint the allegations that referenced 19 U.S.C. § 1641(b)(4) and 19 C.F.R. § 111.28(a).   The court then granted the unopposed motion for leave to file an amended complaint.   Order on Pl.'s Mot. for Leave to File Amend. Comp., ECF No. 22 (June 9, 2010).   Remaining in the amended complaint were Plaintiff's claims, pursuant to 19 U.S.C. § 1641(d), regarding Defendant's   alleged violation of any provision of any law, rule, or regulation enforced by Customs, specifically 19 C.F.R. §§ 111.29 and 143.6.   Subsequently, Landweer filed its motion to dismiss.

### Standard of Review

In deciding a USCIT Rule 12(b)(1) motion to dismiss that does not challenge the factual basis for the complainant's allegations and a USCIT Rule 12(b)(5) motion to dismiss for failure to state a claim upon which relief can granted, the court assumes all factual allegations to be true and draws all reasonable inferences in plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (subject matter jurisdiction); Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 & n.13 (Fed. Cir. 1993) (failure to state a claim).

Plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[T]o raise a right to relief above the speculative level," a complaint must allege "enough factual matter (taken as true)" by making allegations "plausibly suggesting (not merely consistent with)" a valid claim. Id. at 556. The basis of the court's determination is limited to the facts stated on the face of the complaint, documents appended to the complaint, and documents incorporated in the complaint by reference. See Asahi Seiko Co. v. United States, 33 CIT ___, ___, (2009), 2009 WL 3824745, at *4 (quoting Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)).

### Discussion

### 1.  Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold inquiry.   Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998).   Plaintiff carries "the burden of demonstrating

that jurisdiction exists."  <u>Techsnabexport, Ltd. v. United States</u>, 16 CIT 420, 422, 795 F.

Supp. 428, 432 (1992) (citing <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178,

189 (1936)).

Pursuant to 28 U.S.C. § 1582, this Court possesses exclusive jurisdiction to

entertain "any civil action which arises out of an import transaction and which is

commenced by the United States" to recover a civil penalty under the relevant provisions

of section 641 of the Tariff Act of 1930.[1]  28 U.S.C. § 1582 (2006).  19 U.S.C. §

1641(d)(1)(C), in turn, provides that Customs "may impose a monetary penalty . . . if it is

shown that the broker . . . has violated any provision of any law enforced by the Customs

Service or the rules or regulations issued under any such provision."  Plaintiff's amended

complaint alleges that Landweer is liable for a penalty under 19 U.S.C. §§ 1641(d)(1)(C)

and (d)(2)(A) for violating 19 C.F.R. §§ 111.29 and 143.6 by filing 21 entries of Chinese

freshwater crawfish with an incorrect dumping duty deposit rate of zero percent <u>ad</u>

<u>valorem</u>, and incorrectly identifying the supplier of the merchandise as Yantai Haixing

Aquatic Products on nine of those 21 entries.   It further alleges that the court possesses

jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582, that this is an action to

collect civil penalties pursuant to 19 U.S.C. § 1641, and that all notices required by 19

U.S.C. § 1641 were issued to Landweer.   Am. Compl. ¶¶ 1-9, ECF No. 36.

Landweer argues that the underlying section 1641 administrative proceeding was

legally defective because Customs never provided "any notice, allegations, petitions,

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of
Title 19 of the U.S. Code, 2006 edition.

adjudication or written determination" that Landweer violated 19 C.F.R. §§ 111.29 and

143.6, which Landweer argues is required by 19 U.S.C. § 1641(d)(2)(A) ("The notice shall

advise the customs broker of the allegations or complaints against him. . . . [After any 19

U.S.C. § 1618 proceeding], the appropriate customs officer shall provide to the customs

broker a written statement which sets forth the final determination and the findings of fact

and conclusions of law on which such determination is based.").   Mem. in Supp. of Def.'s

Mot. to Dismiss at 11-13, ECF No. 28 ("Def.'s Mem.").   Plaintiff responds that Customs

sufficiently satisfied its obligations under section 1641 by notifying Landweer that by filing

21 entries of Chinese freshwater crawfish with an incorrect deposit rate of zero percent ad

valorem, and by incorrectly identifying the supplier of the merchandise as Yantai Haixing

Aquatic Products on nine of those 21 entries, Landweer was liable for a penalty under 19

U.S.C. § 1641(d)(1)(C) (for violating "any provision of any law enforced by the Customs

Service or the rules or regulations issued under any such provision").   Pl.'s Resp. to

Def.'s Mot. to Dismiss at 4, ECF No. 36 ("Pl.'s Resp.").

       In support of the motion to dismiss, Defendant primarily relies on UPS II and United

States v. Optrex Am., Inc., 29 CIT 1494 (2005), arguing that Customs failed to properly

exhaust the statutory procedures of 19 U.S.C. § 1641.   Defendant's exhaustion

argument implicates a question of the framework to properly analyze whether section

1641 is jurisdictional (a USCIT Rule 12(b)(1) analysis) or non-jurisdictional (a USCIT Rule

12(b)(5) analysis of the sufficiency of Customs' claim).

       When reviewing whether the exhaustion of statutory requirements is jurisdictional

or non-jurisdictional, the court presumes that exhaustion is non-jurisdictional unless

Congress has stated in sweeping and direct language (i.e., in clear and unequivocal

terms) that there is no subject matter jurisdiction prior to exhaustion.  Avocados Plus Inc.

v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004) (internal citations and footnotes

omitted).   If non-jurisdictional, the exhaustion requirement is treated as an element of the

underlying claim.  Id.  To help determine whether statutory prerequisites, such as

exhaustion, are jurisdictional limitations or elements of a cause of action, the U.S. Court of

Appeals for the Federal Circuit recently explained that

> [a] statutory condition that requires a party to take some action before filing a
> lawsuit is not automatically "a *jurisdictional* perquisite to suit." Rather, the
> jurisdictional analysis must focus on the "legal character" of the requirement,
> which we discern[] by looking to the condition's text, context, and relevant
> historical treatment. We similarly have treated as nonjurisdictional other types of
> threshold requirements that claimants must complete, or exhaust, before filing a
> lawsuit.

Ford Motor Co. v. United States, 635 F.3d 550, 555 (Fed. Cir. 2011) (quoting Reed

Elsevier, Inc. v. Muchnick, ___U.S. ___, 130 S. Ct. 1237, 1246-47 (2010)).

Turning to an analysis of the "text, context, and relevant historical treatment" of

Section 1641(d)(2)(A), that provision sets forth the predicate requirements for obtaining a

civil penalty against a customs broker.  It provides that Customs first shall serve a

customs broker with written notice ("pre-penalty notice") that the broker may be subject to

a monetary penalty for violation of section 1641(d)(1), specifying the allegations or

complaints against the broker.  Following the issuance of the pre-penalty notice, the

customs broker has an opportunity to respond to the allegations and complaints.

Thereafter, Customs issues a written penalty decision.  Once the penalty issues, the

broker then has a reasonable opportunity to seek remission or mitigation of the penalty

pursuant to 19 U.S.C. § 1618.   Following the section 1618 proceedings Customs issues

a final decision on the monetary penalty, including findings of fact and conclusions of law.

19 U.S.C. § 1641(d)(2)(A).

Once Customs has perfected its civil penalty administratively, it may then seek to

enforce the civil penalty against the customs broker.   Section 1641, however, is silent as

to the enforcement of Customs' final penalty determination.   <u>Compare</u> section

1641(d)(2)(A) <u>with</u> section 1641(e) (judicial review of the denial, suspension, or

revocation of a custom broker's license or the imposition of a monetary penalty in lieu

thereof).   To recover a section 1641 civil penalty, the United States must commence an

action in the Court of International Trade pursuant to 28 U.S.C. § 1582(1).   In authorizing

the commencement of an action against a customs broker for a civil penalty, Congress

did not enumerate a section 1641 enforcement action within the scope of 28 U.S.C. §

2637(a)-(c), the mandatory statutory exhaustion provisions for actions in the Court of

International Trade.   These mandatory jurisdictional preconditions exist only for actions

commenced under 28 U.S.C. §§ 1581(a), (b), and (h).   H.R. Rep. 96-1235, at 57 (1980),

<u>as reprinted in</u> 1980 U.S.C.C.A.N. 3729, 3768-69.

For example, for an action brought under 28 U.S.C. § 1581(a), an importer must

have timely filed a protest under section 515 of the Tariff Act of 1930, and have that

protest denied, in whole or in part.   <u>See</u> <u>DaimlerChrysler Corp. v. United States</u>, 442 F.3d

1313, 1319 (Fed. Cir. 2006) ("the filing of a protest is a jurisdictional requirement."); <u>see</u>

<u>also</u> <u>United States v. Boe</u>, 64 CCPA 11, 15-16, 543 F.2d 151, 154-55 (CCPA 1976).   In

addition, the importer must have paid all liquidated duties, charges, or exactions at the

time the action is commenced.   See 28 U.S.C. § 2637(a).   This payment requirement is

a mandatory condition precedent for invoking the jurisdiction of the Court of International

Trade.   If payment is not made, then this Court must dismiss an importer's cause of

action for lack of jurisdiction.   See Syva Co. v. United States, 12 CIT 199, 201 (1988)

(citing Boe, 64 CCPA at 18, 543 F.2d at 155-56)).

Similarly, for a domestic manufacturer to commence an action in this Court under

28 U.S.C. § 1581(b) challenging the classification, valuation, or rate of duty of imported

merchandise, the domestic manufacturer must file a petition with Customs, and have that

petition denied.   See 19 U.S.C. § 1516, 28 U.S.C. § 2637(b) ("A civil action contesting

the denial of a petition under section 516 of the Tariff Act of 1930 may be commenced in

the Court of International Trade only by a person who has first exhausted the procedures

set forth in such section.").   Then and only then, upon satisfying the statutory condition

precedent, is the domestic manufacturer authorized to commence an action in the Court

of International Trade.   See National Corn Growers Ass'n v. Baker, 840 F.2d 1547, 1557

(Fed. Cir. 1988) (failure to file a section 516 petition renders jurisdiction under 28 U.S.C. §

1581(b) impossible).

In an action brought pursuant to 28 U.S.C. § 1581(h), an importer, prior to

importation of subject merchandise, may challenge a ruling or a refusal to issue or change

a ruling by Customs only if the importer can show that it would be irreparably harmed if

required to exhaust its administrative remedies.   See 28 U.S.C. § 2637(c).   To establish

subject matter jurisdiction in a 1581(h) action, the importer must demonstrate that: (1) the

review sought must be prior to importation; (2) the review sought must pertain to a

Customs ruling; (3) the ruling must relate to certain subject matter; and (4) irreparable harm will result unless judicial review prior to importation is obtained.  Where the importer cannot satisfy all of these preconditions, subject matter jurisdiction under 28 U.S.C. § 1581(h) will not attach.  See American Air Parcel Forwarding Co. v. United States, 718 F.2d 1546, 1551-52 (Fed. Cir. 1983).  See also CPC Int'l, Inc. v. United States, 19 CIT 978, 979, 896 F. Supp. 1240, 1242 (1995) ("preimportation judicial review should be available only in exceptional cases and where the importer can demonstrate it would be irreparably harmed unless given an opportunity to obtain judicial review prior to importation").

In all other actions, including those under 28 U.S.C. § 1582(1), the Court of International Trade may exercise its discretion, where appropriate, to require the exhaustion of administrative remedies.  28 U.S.C. § 2637(d); H.R. Rep. 96-1235, at 57, as reprinted in 1980 U.S.C.C.A.N. at 3768-69.

A scan of other customs laws - such as liquidated damages upon a bond, and collection of unpaid duties, taxes, or fees - fail to reveal similar preconditions (statutory exhaustion requirements) for the commencement of a civil action in the Court of International Trade.  See 28 U.S.C. § 1582(2) (liquidated damage claims); 28 U.S.C. § 1582(3) (collection of unpaid duties generally); 19 U.S.C § 1592(d) (collection of unpaid duties resulting from a violation of 19 U.S.C. § 1592); and 19 U.S.C. § 1553 and 19 C.F.R. § 18.8(c) (collection of duties caused by a failure to make the required transportation, delivery, and report for merchandise transported in bond from port to another in the United States).  A review of the statutes that govern the commencement of actions in

district court for the administration and enforcement of the customs laws not within the

jurisdiction in the Court of International Trade yields a similar result.   <u>See</u> 28 U.S.C. §

1355 and § 2461 <u>et seq.</u> (fines, penalties, and forfeitures); and 28 U.S.C. § 1356

(seizure).   Defendant is unable to point to any customs statute that imposes a condition

precedent on the commencement of an action other than those identified by the court.

As for the historical treatment of the procedures for perfecting a civil penalty claim

similar to those contained in section 1641, Defendant is unable to point to a case in a

district court or a circuit court of appeals prior to the creation of the Court of International

Trade that addressed the sufficiency of those procedures as a condition precedent to

commencing a civil penalty action under the customs laws.

The text of 19 U.S.C. § 1641(d), and 28 U.S.C. §§ 1582(1) and 2637, as well as the

legislative history of section 2637, do not support Defendant's position that Congress

intended to create a statutory precondition for the Government to invoke this Court's

subject matter jurisdiction under 28 U.S.C § 1582(1) to collect a civil penalty from a

customs broker for a violation of 19 U.S.C. § 1641(d)(1).   Defendant's argument also

fails contextually in comparison to what Congress has imposed as threshold

requirements in other provisions of the customs laws for commencing an action in the

Court of International Trade.   Lastly, the historical treatment of the section 1641

procedures for perfecting a civil penalty does not provide a basis to conclude that the

"legal character" of that provision creates a statutory precondition that the Government

must satisfy prior to commencing an action under 28 U.S.C. § 1582(1).

Defendant relies heavily on UPS II, arguing that the court has spoken "specifically

to what it has the jurisdiction to do and what it does not have jurisdiction to do in a § 1641

broker penalty collection action under § 1582."   Def.'s Resp. to Court's Order for Further

Brg, at 2, ECF No. 41 ("Def.'s First Supplemental Resp.").   Defendant's argument

focuses on the following language from UPS II:

> "[The court] has no direct jurisdiction [under § 1582] to independently
> impose a penalty for violation of the predicate statute . . . The Court's
> statutory role is not to impose penalties on customs brokers, but rather to
> decide whether to permit recovery of penalties the government has already
> imposed. See 28 U.S.C. § 1582(1)."

UPS II, 686 F. Supp. 2d at 1346.   Defendant though misreads this language as a holding

on the question of subject matter jurisdiction.   It is not.   It is simply the court's

observation about the different statutory roles of Customs in imposing a civil penalty

(under 19 U.S.C. § 1641) and the court in enforcing that civil penalty against a customs

broker (under 28 U.S.C. § 1582).   UPS II and its prior judicial opinions (both at the trial

and appellate level) did not involve or address subject matter jurisdiction.   In fact there

was no hint whatsoever from the Federal Circuit that the Court of International Trade

lacked subject matter jurisdiction to entertain the action.   See UPS I, 575 F.3d at 1383.

Defendant also relies on United States v. Optrex Am., Inc., 29 CIT 1494 (2005),

contending that the issue of Customs' failure to satisfy the requirements of 19 U.S.C. §

1641 is jurisdictional.   Optrex involved an action under 28 U.S.C. § 1582 to collect a

penalty for a violation of 19 U.S.C. § 1592, in which the Government sought to amend its

complaint to add claims for gross negligence and fraud that Customs had not asserted

during the administrative civil penalty proceeding.   The Optrex court ultimately denied

the motion to amend, holding that the administrative penalty underlies, and forms the basis of, the section 1582 cause of action, and Customs failure to pursue gross negligence and fraud at the administrative level precluded Customs from asserting them in the section 1582 action.   See Optrex, 29 CIT at 1499-1500.   Although Optrex can be read as a jurisdictional decision (a Rule 12(b)(1) perspective), it can also be read as a decision predicated on non-jurisdictional exhaustion considerations (a Rule 12(b)(5) perspective).   The court believes that the latter is the better reading.

To explain, Optrex did not address subject matter jurisdiction as its own discrete problem; the court was instead preoccupied with the more specific issue of whether to permit Plaintiff (the government) to amend its complaint.   The Optrex court therefore did not have before it straightforward motions to dismiss for lack of subject matter jurisdiction or failure to state a claim upon which relief may be granted.   More important, the Optrex court did not have the benefit of the Federal Circuit's guidance in Ford Motor Co. on how to analyze whether section 592 civil penalty procedures are jurisdictional or non-jurisdictional.   Read through the updated lens of Ford Motor Co., Optrex appears to have applied non-jurisdictional exhaustion under 28 U.S.C § 2637(d), with the net effect being a failure of the government to satisfy the required elements of a cause of action to recover penalties for gross negligence and fraud.   See Optrex, 29 CIT at 1500-01.

In examining the section 1641 procedures against a presumption that exhaustion is non-jurisdictional, the court is unable to discern any "sweeping and direct language" that establishes that those procedures are intended to be preconditions to invoking this Court's subject matter jurisdiction under 28 U.S.C. § 1582(1).   Moreover, after

considering the text, context, and relevant historical treatment of the procedures, the court concludes that the "legal character" of section 1641 does not create a condition precedent for the commencement of a civil penalty enforcement action.   Accordingly, the court has subject matter jurisdiction over Plaintiff's amended complaint.

## 2. Failure to State a Claim upon Which Relief Can Be Granted

Although the requirements of section 1641 may not be jurisdictional, they are nevertheless requirements that must be satisfied as elements of the Government's section 1582 cause of action.   The court next turns to whether the Government has stated a claim upon which relief can be granted.   In its complaint the Government alleges that, pursuant to 19 U.S.C. § 1641(d)(1)(C), a monetary penalty may be imposed against a customs broker for violating any provision of any law enforced by Customs or the rules or regulations issued under any such provision.   Am. Compl. ¶ 5.   The Government also alleges that 19 C.F.R. § 111.29(a) requires a customs broker to exercise due diligence in preparing and filing records involving its customs business, and that 19 C.F.R. § 143.6 requires a broker who uses the Customs Automated Broker Interface ("ABI") system to adhere to ABI performance requirements and operational standards in the transmission of data and to follow Customs directives and policies as to the proper use of the ABI system.   Id. ¶¶ 6 and 7.   Plaintiff further asserts that Defendant filed 21 entries of Chinese freshwater crawfish with an incorrect dumping duty deposit rate and on nine of those entries Defendant also incorrectly identified the supplier of the subject merchandise.   Id. ¶¶ 8 and 9.   Therefore, the Government claims that the acts and omissions of the Defendant in filing these entries constituted "violations of 19 C.F.R. §§

111.29, and 143.6," and as a result, Defendant is liable "pursuant to 19 U.S.C. §§ 1641(d)(1)(C) and (d)(2)(A) for a civil penalty in the amount of $30,000.   Id. ¶¶ 11 and 12.

In particular, the Government contends that "[t]he amended complaint contains specific allegations that Landweer is liable for penalties . . . for violating 19 C.F.R. §§ 111.29 and § 143.6 and that '[a]ll notices required by 19 U.S.C. § 1641 were transmitted to Landweer . . . .'"  Pl.'s Resp. at 4-5.  Problematically though, as the Government acknowledges, Customs did not specifically allege that Defendant violated sections 111.29 and 143.6 during the underlying administrative proceeding.  The Government instead maintains that Customs "did allege facts that informed Landweer of a violation of these regulations."  Id. at 9.

Customs' claim in the pre-penalty notice was predicated on Defendant's failure "to exercise reasonable supervision" over its customs business under 19 C.F.R. § 111.28, and 19 U.S.C. §§ 1641(b)(4) and 1641(d)(1)(C).  Def.'s Mem., Ex. 1.  The pre-penalty notice identified two claims - (1) Defendant's filing of 21 entries with a false antidumping duty deposit rate and (2) Defendant's failure to correctly identify the supplier on nine of the 21 entries.  Landweer acknowledged that it made a clerical error in selecting the code identifying the shipper of the subject merchandise for the nine entries, asserting that it did not intend to circumvent the regulations or mislead Customs.  Def.'s Mem., Ex. 2.  In response, Customs, however, never raised a claim of a lack of due diligence under section 111.29 or a failure to adhere to the ABI system requirements or standards or follow Customs directives or policies under section 143.6 on the part of Landweer.

Rather, Customs continued to center its attention on the sole claim of Landweer's lack of responsible supervision and control over its customs business.   See id., Exs. 7 and 8.

While the pre-penalty notice mentions a Customs directive (Administrative Message No. 02-1362) issued to all ABI brokers regarding duty rates in antidumping cases, it does not include any allegation that Defendant failed to exercise due diligence under 19 C.F.R. § 111.29, or to adhere to ABI system requirements or operational standards or follow Customs' directives pursuant to 19 C.F.R. § 143.6.   Id.   Throughout the remainder of the administrative proceeding, Landweer explained that it took reasonable steps, through queries using the ABI system, to identify the applicable dumping duty deposit rate for the subject entries, but claimed that the ABI system was flawed leading to the inclusion of the incorrect deposit rate on the 21 entries.   See id., Exs. 4, 5, and 6.   Despite references to the Administrative Message in its responses to Defendant, Customs never made an allegation that Defendant violated section 143.6 for failure to follow Customs directives or policies.   If anything, Customs continued to address the Administrative Message solely in the context of Landweer's alleged lack of responsible supervision and control.

Given the breadth of section 1641(d)(1)(C) - "any provision of any law enforced by . . . Customs or the rules or regulations issued" thereunder – and the singular focus in Customs' pre-penalty notice, penalty determination, and mitigation petition decisions on Defendant's alleged failure to abide by its duty to exercise "responsible supervision and control over the customs business that it controls" under section 1641(b)(4), it is difficult for the court to conclude that Defendant was made aware during the administrative

penalty proceeding that it was potentially liable for a violation of 19 C.F.R. §§ 111.29 or 143.6.

Nevertheless, the Government argues that nothing in section 1641 requires that Customs "identify each and every regulation that Landweer's conduct could be deemed to have violated," in contrast to 19 U.S.C. § 1592, which specifically requires that a pre-penalty notice identify "'all laws and regulations allegedly violated.'"  Pl.'s Resp. at 5-6.  Following the logic of the Government's argument, Customs would only have to assert a violation under the "any law, rule, or regulation" language of section 1641(d)(1)(C) and no more.   Consequently, a customs broker would have to divine every possible basis for a claim by Customs of a violation of section 1641 in the administrative proceeding and in a follow-on penalty collection action, even if it was never apprised of the specific violation.   Congress provided a great deal of process in section 1641, starting with the pre-penalty notice where Customs is to provide written notice to a customs broker of a potential violation of section 1641 and an opportunity for the broker to respond, followed by the penalty notice, which is Customs' written decision after considering the broker's initial response.

Congress did not stop there, providing an additional layer of process pursuant to 19 U.S.C. § 1618, by authorizing a potential violator to present arguments that Customs should remit or mitigate the monetary penalty.   At the conclusion of a section 1618 proceeding, Customs is to provide a customs broker with "a written statement which sets forth the final determination and the findings of fact and conclusions of law on which such determination is based."   19 U.S.C. § 1641(d)(2)(A).   To require a potential violator,

such as Defendant, to speculate as to the basis of Customs' penalty claim would defeat Congress' statutory scheme.   Moreover, it runs contrary to the legislative history of section 1641.   Prior to 1984, Customs had no authority to assess or collect civil penalties from customs brokers.   See Trade and Tariff Act of 1984, Pub. L. No. 98-573, § 212, 98 Stat. 2948, 2979-81 (1984).   In granting this new authority, Congress stated (and Customs "agreed") that the regulations governing civil penalty proceedings involving customs brokers would parallel those in place for section 592 civil penalty proceedings. See H.R. Rep. 98-1015, at 72 (1984), as reprinted in 1984 U.S.C.C.A.N. 4910, 5031.   In fact, the penalty assessment procedures for a violation of section 1641 mirror those for a section 1592 violation.   See 19 C.F.R. Part 171, App. C (Guidelines for the Imposition and Mitigation of Penalties for Violations of 19 U.S.C. 1641).   Congress therefore intended that a claim in a penalty collection action be the same claim as in the underlying administrative proceeding, regardless of whether the claim arises under section 1592 or section 1641.

While Customs did allege facts that informed Landweer of some violation of section 1641, Customs, by its own acknowledgement, did not specifically allege that those facts gave rise to a violation of section 111.28 or 143.6.   Therefore, Customs did not sufficiently exhaust administrative remedies against Landweer for a violation of 19 C.F.R. § 111.28 for a lack of due diligence nor its claim for violation of 19 C.F.R. § 143.6 for failure to adhere to the performance standards and operational requirements of the ABI system or failure to follow Customs directives or policies.

The role of Customs in a section 1641 civil penalty proceeding is to determine

whether a violation occurred and whether that violation supports the imposition of a monetary penalty.   It is the "statutory role" of the Court of International Trade "to decide whether to <u>permit recovery</u> of penalties the government has already imposed."   <u>UPS II</u>, 34 CIT at ___, 686 F. Supp. 2d at 1346.   In deciding whether to permit recovery, the court looks at the broker's violation "only insofar as violation of the statute is a crucial component of the [section 1641] penalty procedure."   <u>Id.</u>   The Government is required to demonstrate in a collection action that Customs met "all other formal requirements of the [section 1641] procedure."   <u>Id.</u>   Given this framework and the process (including mitigation) that Congress has built into section 1641, the issues of a potential violation of the statute and the determination of liability for a civil penalty for a customs broker's violation of section 1641 must first be addressed and resolved administratively.   <u>See</u> <u>Optrex</u>, 29 CIT at 1500 ("The statute was designed to give an importer the opportunity to <u>fully resolve</u> a penalty proceeding before Customs, before any action in this Court . . . .") (emphasis added).   Therefore, to announce for the first time in a section 1582 enforcement action the specific laws or regulations violated by Defendant does not comport with the statutory scheme created by Congress.   Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

### Conclusion

For the forgoing reasons, the court denies Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, and grants Defendant's USCIT Rule 12(b)(5) motion to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief can be granted.


                                                            _____/s/ Leo M. Gordon_____
                                                                 Judge Leo M. Gordon


Dated:   February 8, 2012
         New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

UNITED STATES,

                              Plaintiff,

              v.

ROBERT E. LANDWEER & CO.,

                              Defendant.

Before: Leo M. Gordon, Judge

Court No. 09-00060

**JUDGMENT**

This case having been submitted for decision, and the court, after due deliberation, having rendered an opinion; now in conformity with that opinion, it is hereby

**ORDERED** that Defendant's USCIT Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied; it is further

**ORDERED** that Defendant's USCIT Rule 12(b)(5) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted is granted; and it is further

**ORDERED** that this action is dismissed.

                                        /s/ Leo M. Gordon
                                        Judge Leo M. Gordon

Dated:    February 8, 2012
          New York, New York